13

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES DAVIS

                  Plaintiff,

V.

GRETCHEN WHITMER, Governor of the
State of Michigan, Col. JOSEPH GASPER,
Director of the Michigan State Police,
WILLIAM FEDERSPIEL, Saginaw County
Sheriff, and JOHN MCCOLGAN JR.,
Saginaw County Prosecutor, in their official
capacities, Saginaw County Police Officers
Det. LARRY BINIECKI and Sgt. STEPHEN
WOODCOCK, in their individual capacity

                  Defendants.

Case: 1:19-cv-10569
Judge: Berg, Terrence G.
MJ: Morris, Patricia T.
Filed: 02-25-2019
IFP CHARLES DAVIS v. GRETCHEN WHITMER, ET AL (dw)

Hon. _____

Mag. Judge_____

## VERIFIED COMPLAINT

## PRELIMINARY STATEMENT

1. On August 25, 2016, the Sixth Circuit Court of Appeals held, in a published and binding decision, that Michigan's Sex Offender Registration Act (SORA), M.C.L. § 28.721 *et. seq.*, imposes punishment, and that therefore retroactive application of SORA violates the Ex Post Facto Clause of the United States Constitution. *Does v. Snyder*, __ F.3d __, 2016 WL 4473231 (6th Cir. 2016) (Exhibit A).

2. Plaintiff Charles Davis is a Michigan registrant who is facing prosecution and possible imprisonment because Defendants are retroactively enforcing SORA against him, in direct violation of the Sixth Circuit's holding in *Does*.

3. In 1999, Mr. Davis plead no contest to CSC 4th Degree- Misdemeanor for his involvement with a 14 year old girl.  Upon conviction in 1999, he became subject to the version of SORA in effect at the time.

4. SORA has been amended repeatedly since that time. See Exhibit C, Sex Offenders Registration Act with 2006 and 2011 amendments highlighted.  Most notably, amendments that became effective in 2006 barred registrants from working, residing, or "loitering" within 1,000 feet of school property. Mich. Pub. Acts 121, 127 (2005). Further amendments in 2011 fundamentally changed Michigan's sex offender registry by categorizing registrants into tiers; requiring in-person reporting of vast amounts of personal information, and retroactively lengthening the registration period for most registrants. Mich. Pub. Acts 17, 18 (2011).

5. The Sixth Circuit in *Does* specifically held that retroactive application of the 2006 and 2011 amendments must cease. See Exhibit A, slip op. at 13.

6. In April or May of 2017 – after the *Does* decision was issued – Sergeant Stephen Woodcock contacted Mr. Davis and accused him of violating SORA for being at a school attending his sons parent meeting.  Sgt. Woodcock informed Mr. Davis he was turning him into the Saginaw County Sheriff's Office.

7. Mr. Davis is currently father to 3 children and he lives with them and his wife.

8. The SORA provision that Mr. Davis is accused of violating, M.C.L. § 28. 734(2)(a), was added to SORA in 2006.

9. Even though it is clear under *Does* that applying this provision of SORA retroactively is unconstitutional, Mr. Davis is currently being prosecuted and faces imminent threat of conviction and possibly imprisonment. Either choice will cause him irreparable harm, which is why he is now seeking a temporary restraining order and/or a preliminary injunction, as well as a permanent injunction barring enforcement of SORA against him.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because the plaintiff seeks redress for the deprivation of rights secured by the U.S. Constitution. The plaintiff's federal claims are brought under 42 U.S.C. § 1983.

11. Mr. Davis's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202, by Fed. R. Civ. P. 57 and 65, and by the legal and equitable powers of this Court.

12. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Charles Davis

13. Plaintiff Charles Davis resides within the Eastern District of Michigan

14. Due to a 1999 conviction for criminal sexual conduct 4th degree - misdemeanor, he has been required to register under SORA.

15. Mr. Davis is currently father to 3 children. He is being prosecuted in Saginaw County District Court for being at a school attending his son's baseball parent meeting.

## Defendant Gretchen Whitmer

16. Defendant Gretchen Whitmer is the Governor of Michigan. She is sued in her official capacity.

17. Pursuant to Article 5, §1 of the Michigan Constitution, the executive power of the state is vested in the governor. The Michigan Constitution further provides that the governor shall take care that applicable federal and state laws are faithfully executed. Mich. Const., Art. 5, § 8. Defendant Whitmer is ultimately responsible for the enforcement of the laws of this state, as well as for the supervision of all state departments, including the Michigan State Police.

18. The Governor is an appropriate defendant in a case challenging the constitutionality of a state statute.

## Colonel Joseph Gasper

19. Defendant Colonel Joseph Gasper is the director of the Michigan State Police. He is sued in his official capacity.

20. The Michigan State Police maintains Michigan's sex offender registry. M.C.L. § 28.721 *et seq.* The State Police's responsibilities include enforcing SORA, maintaining the state's database of sex offenders, maintaining an on-line public sex offender registry, registering offenders (along with other law enforcement agencies), developing registration forms, providing statutorily-required notices to registrants, collecting

registration fees, and coordinating with national law enforcement and the national sex offender registry. See M.C.L. §§ 28.724, 28.724a, and 28.725 et seq.

21. The director of the Michigan State Police is an appropriate defendant in a case challenging the constitutionality of applying SORA to the plaintiff.

### Defendant William Federspiel

22. William Federspiel is the Saginaw County Sheriff. He is sued in his official capacity.

23. In that capacity he enforces state and local law and can decide or recommend whom to refer to the county prosecutor for SORA violations.

24. In that capacity he also has supervisory power over police officers in Saginaw County, and is responsible to ensure that they comply with constitutional requirements, including not arresting or initiating criminal prosecutions based on laws that are unenforceable because they violate the United States Constitution.

25. Defendant Sergeant Stephen Woodcock, who works under Sheriff Federspiel's command, told Mr. Davis he was in violation of SORA for being at the school for his son's parent meeting and he was contacting the Saginaw County Sheriff to arrest him. Sgt. Woodcock threatened to call the other parents to tell them about Mr. Davis being on the sex offenders list and Sgt. Woodcock and his wife did call many of the parents.

26. Defendant Detective Larry Biniecki, who works under Sheriff Federspiel's command, instructed Mr. Davis he was in violation of SORA, for being at a school, and he would be turning it over to the county prosecutor for prosecution.

## Defendant John McColgan Jr.

27. Defendant John McColgan Jr. is the Saginaw County Prosecutor. He is sued in his official capacity.

28. Defendant McColgan has ultimate authority over criminal prosecutions in Saginaw County, including the decision about whether, and with what SORA violations, Mr. Davis could be charged.

29. Because charges against Mr. Davis have been brought by the Saginaw County Prosecutor, he is an appropriate defendant in this action.

## Defendant Larry Biniecki

30. Defendant Larry Biniecki is a detective with the Saginaw County Sheriff's Office.

31. Despite being aware of the Sixth Circuit's decision in *Does v. Snyder*, Defendant Biniecki instructed Mr. Davis he was in violation of the sex offenders act for attending his son's parent meeting at the school and he would be sending the case over for prosecution.

## Defendant Stephen Woodcock

32. Defendant Stephen Woodcock is a sergeant in Saginaw County.

33. Despite being aware of the Sixth Circuit's decision in *Does v. Snyder*, Defendant Woodcock instructed Mr. Davis he was in violation of the sex offenders act and told him he would be contacting the Sheriff's office.

34. Defendant Woodcock and his wife tried to embarrass and harass Mr. Davis by calling and facebooking parents of his son's baseball team.

## FACTUAL ALLEGATIONS

35. In 1999, Mr. Davis pled no contest to criminal sexual conduct 4th degree - misdemeanor, M.C.L. § 750.520E1A.

36. He served approximately 180 days in jail and 3 years of probation.

37. Mr. Davis successfully completed all court orders and was released from jail and probation on his earliest release date.

38. Mr. Davis has not been charged with or convicted of any crime since his 1999 conviction.

39. The State of Michigan has required Mr. Davis to register as a sex offender under SORA without conducting any individualized assessment of whether he presents a danger to the public.

40. In 1999, when he committed his crime, SORA was a far more limited statute. SORA has been repeatedly amended since 1999, and all of those amendments have been applied retroactively to Mr. Davis.

41. Under the terms of those SORA amendments, Mr. Davis was banned from living or working in many areas; subjected to constant supervision; required to report frequently in person; restricted as to when he can travel; limited in his rights to free speech; hindered from maintaining normal family relationships; identified publicly and falsely as dangerous; and subjected to a vast array of state imposed restrictions that encompass virtually every facet of his life. Mr. Davis must comply with SORA's restrictions/obligations for 25 years or face criminal sanctions.

42. Since 1999, Mr. Davis has duly reported to the local Sheriff's office or State Police twice a year as required by SORA.

43. Defendant Woodcock, a sergeant in Saginaw County, called Mr. Davis in April or May of 2017 to talk to himabout violating the sex offender registry and asked to meet at a local McDonalds in Bridgeport, Michigan.

44. Sgt. Woodcock accuses Mr. Davis of violating SORA. Woodcock informs Mr. Davis that he is turning his information of Mr. Davis attending his child's events over to the Saginaw County Sheriff. Woodcock also threatens to call all the parents on Mr. Davis's son's baseball team.

45. Mr. Davis explained to Sgt. Woodcock that SORA's exclusion zones had recently been ruled unconstitutional in *Does v. Snyder*. The sergeant didn't care to hear out Mr. Davis and told him he would be referring the case to a detective.

46. After Sgt. Woodcock spoke with Mr. Davis, he and his wife called many parents on Mr. Davis's son's baseball team telling them Mr. Davis sex offender status and that he was not to be at the school.

47. Without immediate and permanent injunctive relief from this Court, Mr. Davis will continued to be prosecuted and possibly convicted and imprisoned.

## LEGAL STATUS OF SORA

48. On August 25, 2016, the Sixth Circuit U.S. Court of Appeals held in a published decision that the current version of SORA violates the Ex Post Facto Clause of the U.S. Constitution and therefore cannot be applied retroactively. The Court said that SORA's cumulative requirements constitute punishment, and the public benefit of

SORA, if any, is far outweighed by the harm it causes to registrants. See *Does v. Snyder*, ___ F.3d ___, 2016 WL 4473231 (6th Cir. 2016), slip op. at 11-13 (Exhibit A).

49. Under the binding precedent established by the Sixth Circuit's decision in *Does*, Defendants cannot enforce the current iteration of SORA, and in particular the 2006 amendments that bar being within 1,000 feet of a school, against Mr. Davis.

50. In *Does*, the federal district court had previously held that SORA's geographic exclusion zones are void for vagueness. See *Does v. Snyder*, 101 F. Supp. 3d 672, 682-85 (E.D. Mich. 2015) (Cleland, J.), reversed on other grounds, ___ F.3d ___ (6th Cir. 2016). The district court also found that certain requirements are unconstitutionally vague. *Id.*

51. In reviewing the district court's opinion, the Sixth Circuit said that because its ruling on the Ex Post Facto claim meant that "none of [SORA's] contested provisions may now be applied to the plaintiffs in this lawsuit," any ruling as to the remaining issues (including vagueness) "would be dicta" and would therefore have to "wait for another day." *Does*, slip op. at 13. However, the Court did not reverse the district court's ruling on vagueness, instead specifying that it was reversing "the district court's decision that SORA is not an Ex Post Facto law." *Id.*

52. Judge Cleland's decision that SORA's exclusion zones are void for vagueness provides an additional reason why those zones cannot be applied to Mr. Davis.

## CLAIMS FOR RELIEF

53. Under 42 U.S.C. § 1983, state actors are liable at law or equity for their acts or omissions undertaken under color of law which deprive any person of the rights secured by the Constitution and laws of the United States.

54. Defendants are state actors and, at all times relevant to this Complaint, were acting and are acting under color of law.

## COUNT I: VIOLATION OF THE EX POST FACTO CLAUSE

55. The retroactive application of SORA to Mr. Davis violates the Ex Post Facto Clause of the U.S. Constitution, Art. I, § 10, cl. 1, because it makes more burdensome the punishment imposed for an offense committed prior to enactment of the current iteration of SORA.

## COUNT II: VIOLATION THE DUE PROCESS CLAUSE

### (Vagueness)

56. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution prohibits states from enforcing laws that are impermissibly vague. Statutory requirements must be written with sufficient specificity that readers of ordinary intelligence need not guess at their meaning and will not differ as to their application.

57. SORA's geographic exclusion zones are invalid under the vagueness doctrine because those provisions fail to provide a person of ordinary intelligence fair notice of what is required and what is prohibited under the statute, making it impossible for the plaintiff to conform his conduct to the statutory requirements, and making it likely that the statute will be enforced in different ways in different places or against different people.

## Lack of Legal Remedy

58. The plaintiff's harm is ongoing and cannot be alleviated except by injunctive relief. No other remedy is available at law.

## Request For Relief

Wherefore, the plaintiff requests that this Court:

a. Issue a temporary restraining order and/or a preliminary injunction, and a permanent injunction, barring the defendants from enforcing SORA against him;

b. Issue a judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that retroactive application of SORA violates the prohibition in the United States Constitution against ex post facto laws;

c. Issue a judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring that SORA's geographic exclusion zone provisions, M.C.L. §§ 28.733-36 are void on their face due to vagueness, and issue a preliminary and permanent injunction restraining the defendants from enforcing those provisions;

d. Award the plaintiff costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

e. Grant such other relief as the Court finds just and proper.

Respectfully submitted,

Charles Davis

Dated: February 20, 2019

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Charles Davis

**(b)** County of Residence of First Listed Plaintiff   Saginaw
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Charles Davis
1485 Fry Rd.   (989) 445-0036
Burt, MI 48417   chuck@atrweb.net

## DEFENDANTS

Gretchen Whitmer, Joseph Gasper, William Federspiel, John McColgan Jr., Larry Biniecki, Stephan Woodcock

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF

At   Case: 1:19-cv-10569
Judge: Berg, Terrence G.
MJ: Morris, Patricia T.
Filed: 02-25-2019
IFP CHARLES DAVIS v. GRETCHEN WHITMER, ET AL (dw)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZE...ntiff

*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:   42 USC § 1983

Brief description of cause:   Violation of EX POST FACTO CLAUSE - Due Process

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ TRO/Injunction   CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Frank   DOCKET NUMBER   17-006597-SM

DATE
February 25, 2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?    ☐ Yes
                                                                     ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☒ Yes    ☐ No

If yes, give the following information:

Court: 7th JUDICIAL CIRCUIT Genesee

Case No.: 99-004835-FH

Judge: Kelly

Notes :