# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES DAVIS,

        Plaintiff,

v.

GRETCHEN WHITMER, et al.

        Defendants.

Case No. 1:19-cv-10569
Hon. Terrence G. Berg

## ORDER GRANTING MOTION TO DISMISS, AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Plaintiff Charles Davis, a pro se litigant, is a Michigan resident subject to the State's Sex Offender Registration Act ("SORA"), Mich. Comp. Laws § 28.723 *et seq.*, because of a 1999 conviction. On October 20, 2017, the Saginaw County Prosecutor's Office charged Plaintiff with violating a provision of SORA, enacted in the 2006 amendments to that law, which prohibits registered sex offenders from working within 1,000 feet of a school. Mich. Comp. Laws § 28.734(a)(a). He urges that 2006 and 2011 amendments to

SORA are being unconstitutionally applied to him in violation of the United States Constitution's Ex Post Facto clause and a 2016 Sixth Circuit decision, *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016). Plaintiff's case is presently before the Court on his motion for temporary restraining order or preliminary injunction (ECF No. 3), and emergency motion for temporary restraining order or preliminary injunction (ECF No. 12), as well the motion to dismiss filed by Defendants Governor of the State of Michigan Gretchen Whitmer and Director of the Michigan State Police Col. Joseph Gasper (ECF No. 13). To avoid interfering with ongoing criminal proceedings in state court, this Court will deny Plaintiff's motions, grant Defendants' motion to dismiss, and dismiss this Complaint without prejudice under the *Younger* abstention doctrine.

**BACKGROUND**

Michigan first enacted SORA, which began as a non-public sex offender registry maintained solely for law enforcement, in 1994. *Does #1-5*, 834 F.3d at 697. Over the past decades, SORA has "has grown into a byzantine code governing in minute detail the lives of the state's sex offenders." *Id.* In 2006, Michigan amended

2

SORA to prohibit registrants, with few exceptions, from living working, or loitering within 1,000 feet of a school. *See* Mich. Pub. Acts 121, 127 (2005). Additional 2011 amendments also require registrants to "immediately" appear in person to update personal information, including new vehicles or "internet identifiers," such as email addresses. *Id.* Under SORA, the statute's 2006 and 2011 amendments were to be applied retroactively to those required to register. *See* Mich. Pub. Act 46 (2006); Mich. Pub. Acts 17, 18 (2011). Violations of SORA are punishable by significant criminal penalties. *See* Mich. Comp. Laws § 28.729.

In 2016, in *Does #1-5 v. Snyder*, the Sixth Circuit heard an appeal from five "John Doe" and one "Mary Doe" plaintiffs subject to SORA. 834 F.3d. The plaintiffs challenged portions of SORA on a number of grounds and contended that retroactive application of SORA's 2006 and later amendments to them constituted ex post facto punishment prohibited by the United States Constitution. The Sixth Circuit agreed, finding that Michigan's SORA indeed imposes punishment and therefore that its 2006 and 2011 amendments could not be applied to plaintiffs, whose convictions requiring SORA

registration occurred before the amendments were enacted. *Does #1-5*, 834 F.3d at 705–06.

Plaintiff pled nolo contendere to fourth-degree criminal sexual conduct in 1999. ECF No. 12-1 PageID.101. He served more than three years in prison and was released on October 25, 2002. *Id.* Upon his release, he became subject to SORA. Plaintiff avers that, for the past 20 years, he has fully complied with SORA's stringent requirements, at great personal and professional cost. *Id.* PageID.102. After the Sixth Circuit's ruling in *Does #1-5*, Plaintiff, under the impression that SORA's 2006 and 2011 amendments, including the provision prohibiting registrants from living, working, or loitering within 1,000 feet of a school could not retroactively be applied to him, began to volunteer and to attend more of his children's school activities and other community events. *Id.*

Plaintiff's wife owns a youth athletic club and coaches youth basketball, soccer, and baseball teams. *Id.* The couple's child plays on one of these teams and, on March 4, 2017, Plaintiff attended a meeting for parents of his child's team. *Id.* PageID.103. He also

4

volunteered to organize practices, scrimmages, and games for his son's team, and helped raise $10,000 from local businesses to help purchase equipment and uniforms for the young athletes. *Id.*

In April or May 2017, Plaintiff claims he received a call from a Saginaw County Sheriff's Department sergeant who identified himself as the father of a boy on one of the teams coached by Plaintiff's wife. *Id.* The sergeant asked Plaintiff to meet him at a local McDonalds and, when Plaintiff arrived, the sergeant advised Plaintiff that his involvement with his son's athletic team was a violation of Plaintiff's parole. *Id.* Plaintiff protested that he was no longer on parole (though he was subject to SORA) and attempted to explain his belief that the Sixth Circuit's ruling in *Does #1-5* permitted him to participate in his son's activities. *Id.* Apparently unconvinced, the sergeant responded that he would refer Plaintiff to the Saginaw County Sheriff's Department. *Id.* He also threatened to publicize Plaintiff's sex offender status among members of the youth athletics community. *Id.* On or around June 29, 2017, Plaintiff alleges he received a call from a detective at the Saginaw County Sheriff Department, who asked him to come by the

5

Department for questioning. *Id.* PageID.104. Plaintiff complied with that request and explained to the detective that he had indeed been attending meetings relevant to his son's sports team. *Id.* But he also professed his belief that his attendance at these events was permitted in light of the Sixth Circuit's *Does #1-5* decision. *Id.* Nonetheless, the County Prosecutor's Office issued a warrant for Plaintiff's arrest on October 2017, 2017. *Id.* Plaintiff was charged with one count of working in a student safety zone, Mich. Comp. Laws § 28.734(2)(a), for attending a meeting for parents of his son's baseball team. *Id.* On January 25, 2018, Plaintiff's criminal attorney filed a motion to dismiss the charge, which was apparently denied. *Id.* Plaintiff's criminal case remains pending and he was recently informed that a jury trial on the matter is scheduled for March 26, 2019.

## DISCUSSION

In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S.

350, 364 (1989). The underlying concern of *Younger* is the "threat to our federal system posed by displacement of state courts by those of the National Government." *Moore v. Sims,* 442 U.S. 415, 423 (1979). Accordingly, "*Younger* abstention requires the federal court to defer to the state proceeding." *Coles v. Granville,* 448 F.3d 853, 865 (6th Cir. 2006). The Sixth Circuit has held that exercise of *Younger* abstention is appropriate "when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles,* 448 F.3d at 865.

All three *Younger* factors require abstention in this case. With respect to the first factor, the Saginaw County Prosecutor's Office filed a criminal complaint against Plaintiff on October 20, 2017, alleging violation of Mich. Comp. Laws § 28.734(2)(a), which prohibits SORA registrants from working in a "student safety zone." Since that date, Plaintiff's criminal case has remained pending in Saginaw Country Criminal Court. His jury trial is currently scheduled for March 26, 2019. Plaintiff filed his Complaint in this Court alleging ex post facto application of SORA

7

on February 25, 2019, almost one-and-a-half years after the state court initiated the underlying criminal proceedings against him. ECF No. 1. His state court proceeding was therefore pending on the day he sued in federal court, satisfying the first factor of the abstention doctrine. *Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013).

Concerning the second *Younger* abstention factor, to determine the substantiality of the State's interest in the pending proceeding, "we do not look narrowly to its interest in the *outcome* of the particular case . . . . Rather, what we look to is the importance of the generic proceedings to the State." *New Orleans Pub. Serv., Inc.*, 491 U.S. at 365. In *Younger*, for example, the United States Supreme Court did not assess whether California had an interest in prohibiting the plaintiff from distributing handbills, but instead examined its interest in "carrying out the important and necessary task" of enforcing state criminal laws. *Younger*, 401 U.S. 37, 51–52. The Court considered enforcement of those laws an important state interest. In Plaintiff's case, it is well-established that Michigan has an interest in enforcing its criminal laws, including its sex offender

8

registry statute. *See Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (explaining that "state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere."). Because Michigan has a substantial interest in enforcing its criminal laws, the Court finds that the second factor of the *Younger* abstention doctrine is met. The Court expresses no opinion at this time as to whether enforcement of 2006 or 2011 SORA amendments against Plaintiff is constitutional but acknowledges (as stated below) that Plaintiff may raise this same challenge before the state court, which is fully capable of enforcing the Constitution.

Finally, the Court considers the third factor of the *Younger* abstention analysis met here because Plaintiff will have adequate opportunity to raise his constitutional claims during the state court criminal proceeding. Plaintiff's argument that Mich. Comp. Laws § 28.734(2)(A) is being retroactively applied to him in violation of the Constitution's Ex Post Facto clause and the Sixth Circuit's instruction in *Does #1-5* is a defense he could well raise during his

state court criminal trial. The third element of the abstention doctrine is thus satisfied.

In support of his motions for a preliminary injunction and temporary restraining order, Plaintiff urges that another court in this district has provided injunctive relief to a SORA registrant in a similar situation. In that case, *Roe v. Snyder*, 240 F. Supp. 3d 697 (E.D. Mich. 2017), the plaintiff, who feared prosecution for alleged violation of the 2006 SORA provision prohibiting registrants from working within 1,000 feet of a school, asked the court for a preliminary injunction enjoining ex post facto enforcement of the 2006 and 2011 SORA amendments against her because her underlying conviction occurred in 2003. *Id.* The court granted that request and issued a preliminary injunction. Plaintiff's case is, however, distinguishable from *Roe v. Snyder* in one critical aspect. In that case, the plaintiff had *feared* she would be prosecuted for an alleged workplace violation but was not actually being prosecuted. *Id.* Because the state had not yet initiated criminal proceedings, there was no danger of the federal court improperly interfering with the state court's lawful jurisdiction by issuing the preliminary

injunction interfering with a state criminal prosecution. In contrast, Plaintiff filed his federal suit more than a year-and-a-half *after* the Lapeer County Prosecutor's Office initiated criminal proceedings against him. Accordingly, while *Younger* abstention was not at issue in *Roe v. Snyder*, that doctrine strongly counsels this Court against interfering in ongoing state court proceedings in Plaintiff's case.

Further, as explained in the brief Defendants Whitmer and Gasper filed in support of their motion to dismiss, Plaintiff has not demonstrated that any exceptions to the *Younger* abstention doctrine apply here. *See* ECF No. 13 at PageID.129–32. The Sixth Circuit demands that exceptions to *Younger* be interpreted narrowly. *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003). Plaintiff has not met his burden of demonstrating that the state proceedings are "motivated by a desire to harass or [are] conducted in bad faith" (an exceptionally high bar to meet).[1] *Ken-*

---

[1] The Supreme Court has applied the bad faith or harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018) (quoting *Ken-N.K., Inc.*, 18 F. App'x at 324–25 n.2 (additional citation omitted)).

*N.K. v. Vernon Twp.*, 18 F. App'x 319, 324, n.2 (6th Cir. 2001) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975)). Neither has Plaintiff shown that the challenged statute is "flagrantly and patently violative of express constitutional prohibitions," or that "an extraordinarily pressing need for immediate federal equitable relief" exists. *Ken-N.K., Inc.*, 18 F. App'x at 324 (citations omitted). He is involved in ongoing state judicial proceedings that should provide him with adequate opportunity to present his constitutional claim.

## CONCLUSION

Plaintiff has not shown that an extraordinary circumstance justifies federal intervention in his state criminal case. The Court finds that abstention is appropriate. It is thus hereby **ORDERED** that Defendants' motion to dismiss (ECF No. 13) is **GRANTED** and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** under the *Younger* abstention doctrine. Further, Plaintiff's motion for temporary restraining order and motion for preliminary injunction (ECF No. 3) and emergency motion for temporary restraining order or preliminary injunction (ECF No. 12)

are **DENIED**. Once Plaintiff's state court criminal proceedings are complete, he will be permitted to refile his complaint in this Court. If Plaintiff is convicted of violating SORA, he will likely have to refile his federal court complaint as a state habeas petition under § 2254. If he is acquitted, he may have grounds to file a civil rights complaint under 42 U.S.C. § 1983.

**SO ORDERED.**

Dated: March 25, 2019

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on March 25, 2019, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager
