UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>GRETCHEN WHITMER, et al.,<br><br>Defendants. | Case No. 1:19-cv-10569<br><br>Hon. Terrence G. Berg<br><br>**ORDER DENYING MOTION TO VACATE ORDER OF DISMISSAL** |

Plaintiff Charles Davis filed this lawsuit without an attorney, asking this Court to enjoin the Saginaw County Prosecuting Attorney from continuing with a criminal case it had brought against Plaintiff for violating Michigan's Sex Offender Registration Act ("SORA"), Mich. Comp. Laws § 28.723 *et seq*. The Court dismissed the complaint because, under the long-standing abstention doctrine articulated by the Supreme Court in *Younger v. Harris,* 401 U.S. 37 (1971), "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." Plaintiff now moves to vacate the order of dismissal because the state criminal case against him has been dropped. After the

Court entered its March 25, 2019 order of dismissal, however, Plaintiff filed a second, largely identical lawsuit challenging Michigan's Sex Offender Registration Act ("SORA"), which is now also pending before the Court as Case No. 2:19-cv-10881. The Court declines to vacate its prior order dismissing this case and will enter a judgment of dismissal with prejudice. The Court will proceed to adjudicate Plaintiff's claims in his second-filed case, Case No. 2:19-cv-10881.

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the standard for relieving a party from a final judgment or order. Under the Rule, an order may be vacated by motion of a party because of "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial," fraud or misrepresentation, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Principally, Plaintiff urges that the Court's order dismissing his case under *Younger* should be vacated because the state criminal charge against him has recently been dropped, and Defendants acted fraudulently by failing to disclose that development in their motion to dismiss his complaint. *See* ECF No. 17 PageID.180.

Though Defendants certainly should have disclosed termination of the state criminal proceedings to the Court in their motion to dismiss (assuming they were aware of termination), the Court finds vacatur of its previous order unwarranted. In that order, the Court specifically instructed that "[o]nce Plaintiff's state court criminal proceedings are complete, he will be permitted to refile his complaint in this Court." ECF No. 14 PageID.146. Plaintiff has since done exactly that by filing a new case, Case No. 2:19-cv-10881, that includes the same Defendants and claims as his original case, Case No. 1:19-cv-10569, as well as some additional claims related to alleged malicious prosecution. That second-filed case is pending before this Court. It would be a waste of judicial resources for the Court to maintain two nearly identical lawsuits between the same parties. Plaintiff may pursue full remedial relief through the second-filed suit. Accordingly, the Court will **DENY** Plaintiff's motion to vacate (ECF No. 17), and enter a separate judgment **DISMISSING** this case with prejudice.[1] Plaintiff's Case No. 2:19-cv-10881 will proceed.

---

[1] "Faced with a duplicative suit, the federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoying the parties from proceeding in the other suit." *Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (citing *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997)).

**SO ORDERED.**

Dated: April 24, 2019

                                        s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on April 24, 2019, using the CM/ECF system, which will send notification to all parties.

                                        s/A. Chubb
                                        Case Manager